UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| REGIONS BANK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 4:06-CV-198 CAS |
| | ) | |
| KEITH CRAWFORD, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER OF REMAND**

This matter is before the Court on plaintiff Regions Bank's ("Regions") motion to remand. Defendant Keith Crawford opposes the motion. For the following reasons, the Court finds that Regions' motion should be granted, and the case remanded.

**I.  Background.**

The petition for suit on a guarantee was initially filed in the Circuit Court of the City of St. Louis, Missouri. In its petition, Regions seeks monetary damages as a result of a default upon a promissory note for which Crawford signed a commercial guarantee. The petition alleges Crawford is indebted to Regions in the amount of $39,580.05, plus interest, from December 15, 2002, plus costs and expenses, including attorney's fees, expenses, and costs.

Crawford filed a pro se notice of removal to this Court pursuant to 28 U.S.C. §§ 1441 and 1443. Crawford advances three grounds for removal, including 28 U.S.C. §§ 1331, 1332, and 1443(2). Regions now moves to remand the case. Crawford opposes the motion, asserting similar claims as his original petition. Regions did not file a reply.

**II.  Discussion.**

Remand to state court is proper when: (1) Regions' claim arises entirely and exclusively under state law; (2) diversity of citizenship does not exist and the amount in controversy is less than

$75,000 and; (3) no denials of specific rights of racial equality and no enforcement activity by federal officers or those acting under them occurred in this case. There is no federal subject-matter jurisdiction over this action, and it must be remanded to the Circuit Court of the City of St. Louis.

**A.     28 U.S.C. § 1331.**

First, Crawford claims that removal is proper under 28 U.S.C. § 1441 based on the federal questions involved in the case pursuant to 28 U.S.C. § 1331. Crawford does not allege that Regions' claims arise under federal law. Instead, Crawford asserts that he intends to raise numerous federal issues as defenses, counter-claims, and cross claims.

Crawford's argument fails because this action arises exclusively under state law. 28 U.S.C. § 1441(b) provides in part: "Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties." Id. Regions' claim for damages for default of a promissory note for which Crawford signed a guarantee arises exclusively under Missouri state law. This action could not have been brought originally in federal court, and it cannot be removed to this Court.

Under the "well-pleaded complaint" rule, an action "arises under" the laws of the United States if a federal issue affirmatively appears on the face of the plaintiff's petition: "It is long settled that a cause of action arises under federal law only when the plaintiff's well pleaded complaint raises issues of federal law." Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1983). The federal issue must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal." Gully v. First Nat'l Bank, 299 U.S. 109, 113 (1936); see also Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). Under the well-pleaded complaint rule, "the plaintiff [is] the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." 482 U.S. at 392.

Regions' petition does not affirmatively raise any issue of federal law. This action is therefore not within this Court's subject matter jurisdiction.

Furthermore, federal defenses to state-law claims do not give rise to federal jurisdiction and therefore do not make those state-law claims removable to federal court. A defense is not part of a plaintiff's properly pleaded statement of his or her claim. See Metropolitan Life Ins. Co., 481 U.S. at 63. "[I]t is now settled law that a case may not be removed to federal court on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal., 463 U.S. 1, 14 (1983); Caterpillar, Inc., 482 U.S. 392; see also Magee v. Exxon Corp., 135 F.3d 599, 601 (8th Cir. 1998) (federal-question jurisdiction is not created by a federal defense).

**B.      28 U.S.C. § 1332.**

Crawford's second argument in support of removal under 28 U.S.C. § 1441 is that the Court has jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332. In support, Crawford asserts that he and Regions are citizens of different states. Further, Crawford alleges his intention to bring counterclaims and cross-claims--not yet filed-- in excess of $1,000,000, thereby reaching the necessary amount in controversy of $75,000.

Under 28 U.S.C. § 1441(b), any civil action that does not arise under the Constitution, treaties, or laws of the United States "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Id. In this case, Regions, an Alabama corporation, has brought a claim that arises exclusively under state law. There is no diversity of citizenship because Crawford is a resident of the State of Missouri

3

and Regions' action was brought in the State of Missouri. Also, the amount in controversy does not exceed $75,000. As such, this action may not be removed under 28 U.S.C. § 1441.

Further, Crawford has not yet filed a counterclaim and cross-claim but states in his notice of removal that his counterclaims and cross-claims *will* be in excess of $1,000,000. The determination of whether the amount in controversy requirement is met is made on the basis of the record at the time of removal. 14A Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3725 (2d ed. 1985).

Plaintiff's petition seeks damages in the amount of $39,580.05. Here, the only claim for damages is Plaintiff's previously mentioned claim which does not meet the requisite amount in controversy.

**C.     28 U.S.C. § 1443(2)**

Finally, Crawford claims removal is proper pursuant to 28 U.S.C. § 1443(2) due to the civil rights issues alleged in his notice of removal. 28 U.S.C. § 1443(2) applies only to denials of specific rights of racial equality and to enforcement activity by federal officers and those acting under them, neither of which is alleged in Crawford's removal petition. In order to maintain a claim for removal under 28 U.S.C. § 1443(2), Crawford must claim that he was acting under the "color of authority" derived from any law providing for civil rights. Id. The Supreme Court has held that the "color of authority" clause of § 1443(2) is limited to enforcement activity by federal officers and those acting under them, and therefore the provision confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights. City of Greenwood, Miss. v. Peacock, 384 U.S. 808, 823 (1966); see also Bauer v. Transitional School Dist. of City of St. Louis, 255 F.3d 478 (8th Cir. 2001).

Here, Crawford has not alleged that he is an agent or officer of the government or that he is authorized to act with or for them. Further, Crawford has not claimed that he executed any duties under any federal law providing for civil rights in relation to Regions' cause of action. As such, removal under 42 U.S.C. § 1443(2) is not proper.

**III. Conclusion.**

For all of the above reasons, the Court concludes there is no federal subject-matter jurisdiction over this action, and it must be remanded to the Circuit Court of the City of St. Louis. The Court notes Crawford has also filed a motion to dismiss which remains for disposition by the state court. [Doc. No. 8.]

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion for Remand is **GRANTED.** [Doc. 6.]

**IT IS FURTHER ORDERED** that this case is **REMANDED** to the Circuit Court of the City of St. Louis, State of Missouri.

                            **CHARLES A. SHAW**
                            **UNITED STATES DISTRICT JUDGE**

Dated this 20th day of June, 2006.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| REGIONS BANK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 4:06-CV-198 CAS |
| | ) | |
| KEITH CRAWFORD, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER OF REMAND**

This matter is before the Court on plaintiff Regions Bank's ("Regions") motion to remand. Defendant Keith Crawford opposes the motion. For the following reasons, the Court finds that Regions' motion should be granted, and the case remanded.

**I.    Background.**

The petition for suit on a guarantee was initially filed in the Circuit Court of the City of St. Louis, Missouri. In its petition, Regions seeks monetary damages as a result of a default upon a promissory note for which Crawford signed a commercial guarantee. The petition alleges Crawford is indebted to Regions in the amount of $39,580.05, plus interest, from December 15, 2002, plus costs and expenses, including attorney's fees, expenses, and costs.

Crawford filed a pro se notice of removal to this Court pursuant to 28 U.S.C. §§ 1441 and 1443. Crawford advances three grounds for removal, including 28 U.S.C. §§ 1331, 1332, and 1443(2). Regions now moves to remand the case. Crawford opposes the motion, asserting similar claims as his original petition. Regions did not file a reply.

**II.    Discussion.**

Remand to state court is proper when: (1) Regions' claim arises entirely and exclusively under state law; (2) diversity of citizenship does not exist and the amount in controversy is less than

$75,000 and; (3) no denials of specific rights of racial equality and no enforcement activity by federal officers or those acting under them occurred in this case. There is no federal subject-matter jurisdiction over this action, and it must be remanded to the Circuit Court of the City of St. Louis.

**A.     28 U.S.C. § 1331.**

First, Crawford claims that removal is proper under 28 U.S.C. § 1441 based on the federal questions involved in the case pursuant to 28 U.S.C. § 1331. Crawford does not allege that Regions' claims arise under federal law. Instead, Crawford asserts that he intends to raise numerous federal issues as defenses, counter-claims, and cross claims.

Crawford's argument fails because this action arises exclusively under state law. 28 U.S.C. § 1441(b) provides in part: "Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties." Id. Regions' claim for damages for default of a promissory note for which Crawford signed a guarantee arises exclusively under Missouri state law. This action could not have been brought originally in federal court, and it cannot be removed to this Court.

Under the "well-pleaded complaint" rule, an action "arises under" the laws of the United States if a federal issue affirmatively appears on the face of the plaintiff's petition: "It is long settled that a cause of action arises under federal law only when the plaintiff's well pleaded complaint raises issues of federal law." Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1983). The federal issue must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal." Gully v. First Nat'l Bank, 299 U.S. 109, 113 (1936); see also Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). Under the well-pleaded complaint rule, "the plaintiff [is] the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." 482 U.S. at 392.

2

Regions' petition does not affirmatively raise any issue of federal law. This action is therefore not within this Court's subject matter jurisdiction.

Furthermore, federal defenses to state-law claims do not give rise to federal jurisdiction and therefore do not make those state-law claims removable to federal court. A defense is not part of a plaintiff's properly pleaded statement of his or her claim. See Metropolitan Life Ins. Co., 481 U.S. at 63. "[I]t is now settled law that a case may not be removed to federal court on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal., 463 U.S. 1, 14 (1983); Caterpillar, Inc., 482 U.S. 392; see also Magee v. Exxon Corp., 135 F.3d 599, 601 (8th Cir. 1998) (federal-question jurisdiction is not created by a federal defense).

**B.      28 U.S.C. § 1332.**

Crawford's second argument in support of removal under 28 U.S.C. § 1441 is that the Court has jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332. In support, Crawford asserts that he and Regions are citizens of different states. Further, Crawford alleges his intention to bring counterclaims and cross-claims--not yet filed-- in excess of $1,000,000, thereby reaching the necessary amount in controversy of $75,000.

Under 28 U.S.C. § 1441(b), any civil action that does not arise under the Constitution, treaties, or laws of the United States "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Id. In this case, Regions, an Alabama corporation, has brought a claim that arises exclusively under state law. There is no diversity of citizenship because Crawford is a resident of the State of Missouri

3

and Regions' action was brought in the State of Missouri. Also, the amount in controversy does not exceed $75,000. As such, this action may not be removed under 28 U.S.C. § 1441.

Further, Crawford has not yet filed a counterclaim and cross-claim but states in his notice of removal that his counterclaims and cross-claims *will* be in excess of $1,000,000. The determination of whether the amount in controversy requirement is met is made on the basis of the record at the time of removal. 14A Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3725 (2d ed. 1985).

Plaintiff's petition seeks damages in the amount of $39,580.05. Here, the only claim for damages is Plaintiff's previously mentioned claim which does not meet the requisite amount in controversy.

**C.      28 U.S.C. § 1443(2)**

Finally, Crawford claims removal is proper pursuant to 28 U.S.C. § 1443(2) due to the civil rights issues alleged in his notice of removal. 28 U.S.C. § 1443(2) applies only to denials of specific rights of racial equality and to enforcement activity by federal officers and those acting under them, neither of which is alleged in Crawford's removal petition. In order to maintain a claim for removal under 28 U.S.C. § 1443(2), Crawford must claim that he was acting under the "color of authority" derived from any law providing for civil rights. Id. The Supreme Court has held that the "color of authority" clause of § 1443(2) is limited to enforcement activity by federal officers and those acting under them, and therefore the provision confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights. City of Greenwood, Miss. v. Peacock, 384 U.S. 808, 823 (1966); see also Bauer v. Transitional School Dist. of City of St. Louis, 255 F.3d 478 (8th Cir. 2001).

4

Here, Crawford has not alleged that he is an agent or officer of the government or that he is authorized to act with or for them. Further, Crawford has not claimed that he executed any duties under any federal law providing for civil rights in relation to Regions' cause of action. As such, removal under 42 U.S.C. § 1443(2) is not proper.

**III. Conclusion.**

For all of the above reasons, the Court concludes there is no federal subject-matter jurisdiction over this action, and it must be remanded to the Circuit Court of the City of St. Louis. The Court notes Crawford has also filed a motion to dismiss which remains for disposition by the state court. [Doc. No. 8.]

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion for Remand is **GRANTED.** [Doc. 6.]

**IT IS FURTHER ORDERED** that this case is **REMANDED** to the Circuit Court of the City of St. Louis, State of Missouri.

　
　
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 20th day of June, 2006.